Rommel *v*. American Stores Company, Appellant.

Argued October 6, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Louis Wagner*, and with him *Richard A. Smith* and *Thomas J. Clary*, for appellant.

*Michael A. Foley* of *Graham, Garaguso and Foley*, for appellee.

OPINION BY KELLER, J., December 11, 1931:

In his memorandum opinion filed pursuant to Rule 58 of this court the learned judge of the lower court based his action refusing a new trial on the provisions of Sections 1014 and 1015 of the Motor Vehicle Code of 1929, P. L. 905. These require (1014) that the driver of a motor vehicle upon the highway shall yield the right of way to police and fire department vehicles and ambulances when being operated upon official business and the drivers thereof sound audible signal; and (1015) that upon the approach of any police or fire department vehicle or ambulance giving audible signal, the driver of every other vehicle shall immediately drive the same to a position as near as possible and parallel to the right hand edge or curb of the highway, and stop and remain in such position, unless otherwise directed by a police officer, until the police or fire department vehicle or ambulance shall have passed. The case was not declared upon or tried on that theory in the court below. The plaintiff did not even testify at the trial that the car which he was driving was a police department vehicle. He referred to it as "my automobile;" "a Dodge car, a roadster. A two-seated car, it had a rumble seat." Plaintiff's counsel assumed that it was, in asking another witness, "Where was the official Park car?" but there was no definite evidence on the subject. It was being used on official business of the Fairmount Park Commission to convey

a woman who had been hurt in a collision between a trolley car and an automobile to a hospital. The plaintiff was a sergeant of the park guard and was accompanied by another park guard standing on the right fender of his car and blowing his whistle; but if a violation of sections 1014 or 1015 above had been relied upon as the ground of defendant's negligence the court should have drawn those sections of the Motor Vehicle Act to the attention of the jury and left to them to find whether defendant's driver should reasonably have known that the car approaching on his right was a police vehicle being operated on official business. They were not even referred to on the trial.

The case was tried on the theory that the plaintiff, approaching from the defendant's right, had the right of way and was not guilty of contributory negligence in continuing to proceed across the street intersection even though he saw defendant coming towards him from the left.

Had the case been the ordinary one between two private cars we think the plaintiff's own evidence would have convicted him of contributory negligence. The evidence is overwhelming that his car was traveling south on 34th Street much faster than defendant's loaded five ton truck was going west upgrade on Hamilton Street and he admits that his car struck the defendant's truck at its right front wheel, when the truck was in the center of the street intersection. He had put on his brakes and skidded ten feet into the truck when he found that the latter was not going to stop. An ordinary car driver would have no excuse for this sort of driving; and while the driver of a police department car on official business cannot be held to the same duty of slowing down at street intersections when giving audible signal of his approach, he cannot recklessly run into an automobile right in his way if by due care he could have avoided it, without being guilty

of contributory negligence. The defendant, on the other hand, has a right to be heard as to whether its driver knew, or reasonably should have known, that the Dodge roadster approaching at high speed on his right was an official police vehicle, from the mere fact that a whistle was being sounded, if he heard it.

We feel that in view of the sections of the Motor Vehicle Act referred to in the court's opinion, and applied by it in the discharge of the motion for a new trial, an opportunity should be given to retry the case in the light of those provisions which were not adverted to by counsel or court at the trial.

The judgment is reversed and a new trial awarded